IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DACK DOWNING,

   *Plaintiff*,

v.

SHANNON THOMPSON and WESTERN
FLYER EXPRESS, LLC,

   *Defendants*.

Case No. 25-2225-EFM-BGS

**MEMORANDUM AND ORDER**

  Before the Court are two motions to dismiss brought by Defendant Western Flyer Express, LLC ("WFX"). WFX first filed a Motion to Dismiss Counts II and III of Plaintiff's First Amended Complaint (Doc. 19). Because Plaintiff subsequently filed a Second Amended Complaint, the Court denies WFX's first motion as moot. Plaintiff's Second Amended Complaint did not change Counts II or III, thus WFX incorporated the arguments it made in its first motion into its Motion to Dismiss Counts II and III of Plaintiff's Second Amended Complaint (Doc. 29). For the reasons stated below, the Court grants in part and denies in part WFX's second motion.

  **I.**  **Factual and Procedural Background**[1]

  On December 4, 2024, Plaintiff was driving westbound on Highway 56 in Stevens County, Kansas. Defendant Shannon Thompson was operating a semi-truck trailer in the course of her employment at WFX and was traveling southbound on Highway 25. Thompson failed to stop at a stop sign at the intersection of Highway 25 and Highway 56 and collided with Plaintiff.

---

[1] The facts are taken from Plaintiff's Second Amended Complaint and are accepted as true for purposes of this Order.

Plaintiff filed this suit on April 24, 2025. Count II of the Second Amended Complaint alleges a common law negligence claim against WFX and Count III invokes K.S.A. 66-176 to allege that WFX is liable under the doctrine of negligence *per se*, warranting an award of attorneys' fees. WFX now moves to dismiss Counts II and III.

## II.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[5] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678–79.

[7] *See id.* at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[8]

### III.    Analysis

A.    **Count II: Common Law Negligence**

WFX first moves to dismiss Count II for failure to state a claim under Rule 12(b)(6). Count II is a common law negligence claim where Plaintiff alleges that WFX negligently hired, supervised, trained, and retained Thompson. WFX argues that Plaintiff fails to state a claim in Count II because Plaintiff failed to allege that WFX knew, or had reason to know, that Thompson's particular quality or propensity made her continued employment an undue risk for others. WFX cites this Court's 2017 decision in *Kobilan v. Colter*[9] for the proposition that Plaintiff must plead as such.

In *Kobilan*, the Court ruled on a Rule 12(b)(6) motion to dismiss arising from facts like the ones underlying this case. The *Kobilan* plaintiffs were involved in a vehicle collision with the driver of a semi-trailer truck.[10] The plaintiffs brought negligent hiring, retention, and training claims against the driver's employer, but did not allege that the employer knew, or had reason to know, that the driver was unfit, presented an undue risk of harm, or that additional training could have prevented the collision.[11] Seeing the plaintiffs' omission as fatal under Kansas law, along with other pleading deficiencies, the Court dismissed these claims for failure to state a claim.[12]

---

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[9] 2017 WL 4843292 (D. Kan. Oct. 26, 2017).

[10] *Id.* at *1.

[11] *Id.* at *2.

[12] *See id.*

The Kansas Supreme Court, however, has since clarified the law governing negligent hiring, training, supervision, and retention theories of liability:

> While an employer's practices when hiring, training, and supervising its employees may be evidence of a breach of an employer's duty of reasonable care to third parties, they are not separate causes of action. Here, [the employer] only owed [the third party] one duty—the duty to exercise reasonable care under the circumstances to prevent [the third party] . . . from being harmed by its employees . . . . To the extent our prior caselaw contributed to this confusion by using terms like "negligent supervision" or "negligent training," we make the conscientious decision today to move away from such characterizations of the anatomy of a negligence claim in Kansas.[13]

Under this governing legal principle, a plaintiff is not required to plead separate facts to support negligent hiring, training, supervision, or retention theories to bring a common law negligence claim.[14] Instead, a plaintiff need only plead enough facts to plausibly state that an employer owed a duty of reasonable care, breached that duty, and caused damages.[15]

Here, Plaintiff narrowly succeeds in plausibly stating a common law negligence claim with sufficient factual support. In Count II, Plaintiff alleges that WFX willfully and consciously failed to comply with Federal Motor Carrier Safety Regulations ("FMCSRs"), including training requirements, and that "it is further believed" WFX failed to conduct appropriate audits of drivers' hours of service as cost cutting measures.[16] Plaintiff also alleges that WFX "knew or reasonably should have known that its employees and agents, including but not limited to Shannon Thompson, created and were an undue risk of harm to Plaintiff" based on these cost cutting measures, resulting

---

[13] *Reardon ex rel. Est. of Parsons v. King*, 310 Kan. 897, 452 P.3d 849, 857 (2019).

[14] *Dionne v. ITP W. Express, Inc.*, 2020 WL 4347044, at *3 (D. Kan. July 29, 2020).

[15] *Id.*

[16] Doc. 26 at 7.

in Plaintiff's personal injuries.[17] These factual allegations, combined with the other allegations Plaintiff pleads in Count II, give rise to a plausible claim of relief for common law negligence under Kansas law.[18] Accordingly, the Court denies WFX's Motion as to Count II.

**B.     Count III: Negligence *Per Se* and Attorneys' Fees**

WFX next moves to dismiss Count III for failure to state a claim under Rule 12(b)(6). In Count III, Plaintiff invokes K.S.A. 66-176 to bring a negligence *per se* claim and seek attorneys' fees. Under K.S.A. 66-176:

> Any public utility or common carrier which violates *any of the provisions of law for the regulation of public utilities or common carriers* shall forfeit, for every offense, to the person, company or corporation aggrieved thereby, the actual damages sustained by the party aggrieved, together with the costs of suit and reasonable attorney fees, to be fixed by the court.[19]

WFX argues Plaintiff fails to allege WFX violated any provisions of law for the regulation of public utilities or common carriers, as plainly required under the statute.[20] Specifically, WFX argues that Plaintiff impermissibly asserts a private cause of action under the FMCSRs rather than a violation of Chapter 66.[21] Plaintiff disagrees, asserting his negligence *per se* claim is premised on a violation of K.S.A. 66-1,129.

---

[17] Doc. 26 at 8–9.

[18] *See Dionne*, 2020 WL 4347044, at *3; *see also Chavez-Matchie v. Jack Cooper Transp. Co.*, 2017 WL 2378334, at *3 (D. Kan. June 1, 2017) (holding as sufficient under Rule 12(b)(6) a complaint containing nearly identical factual allegations to the ones made by Plaintiff).

[19] K.S.A. 66-176 (emphasis added).

[20] *Chavez-Matchie*, 2017 WL 2378334, at *3 (citing *Drake v. Old Dominion Freight Line, Inc.*, 2016 WL 1328941, at *4–5 (D. Kan. Apr. 5, 2016).

[21] *Drake*, 2016 WL 1328941, at *3–4 (finding various authorities surrounding the Motor Carrier Act and associated FMCSRs as persuasive and concluding that a plaintiff "cannot bring a private cause of action under the MCA or FMCSR").

Plaintiff's argument requires a series of inferences that, when distilled, reveals a creative attempt to assert private cause of action under FMCSRs. As Plaintiff himself explains, K.S.A. 66-1,129 grants the Kansas Corporate Commission ("KCC") authority to "adopt rules and regulations necessary to carry out the provisions of this act."[22] Pursuant to this authority, KCC regulations, including K.A.R. 82-4-3f and K.A.R. 82-4-3h, incorporate various FMCSRs by reference.[23] These FMCSRs include 49 C.F.R. §§ 390.3(e)(1)–(2) and 392.2, which impose a duty on motor carriers to be knowledgeable of, train on, and comply with FMCSRs and requires all commercial motor vehicles to operate in accordance with applicable traffic laws, respectively. Plaintiff identifies each of these provisions in Count III against WFX.[24] But Plaintiff's claim that WFX violated Chapter 66 is unavoidably premised on his claim that WFX violated FMCSRs.

Problematically for Plaintiff, courts within the District of Kansas—including this Court—have consistently held that a plaintiff may not bring a private cause of action premised on a violation of FMCSRs.[25] While a cause of action may be available in a commercial dispute involving violations of FMCSRs, a private cause of action does not extend to personal injury actions such as Plaintiff's.[26] Because Plaintiff cannot assert a private cause of action based on a

---

[22] K.S.A. 66-1,129(a).

[23] *See* K.A.R. 82-4-3f, 82-4-3h.

[24] Plaintiff also identifies K.S.A. 8-1528(b) to allege WFX is negligent *per se*. This statute applies to all drivers and is otherwise not a "law for the regulation of public utilities or common carriers" under K.S.A. 66-176. To the extent K.S.A. 8-1528(b) is an applicable traffic law as described by 49 C.F.R. § 392.2, Plaintiff asserts an impermissible private cause of action under FMCSRs as discussed further in this Order.

[25] *See*, *e.g.*, *Stewart v. Mitchell Transp.*, 241 F. Supp. 2d 1216, 1220 (D. Kan. 2002); *Drake*, 2016 WL 1328941, at *4; *Chavez-Matchie*, 2017 WL 2378334, at *3; *Kobilan*, 2017 WL 4843292, at *3.

[26] *See Stewart*, 241 F. Supp. 2d at 1221 (noting that "[t]he legislative history gives no indication that Congress intended to expand the scope of the Motor Carrier Act to cover personal injury claims"); *Kobilan*, 2017 WL 4843292, at *3 (dismissing a plaintiff's negligence *per se* claim as impermissibly stating a private cause of action under FMCSRs).

violation of FMCSRs, Plaintiff's negligence *per se* claim as pled in Count III must fail. Thus, there is no basis for awarding Plaintiff attorneys' fees under K.S.A. 66-176. Accordingly, the Court grants WFX's Motion as to Count III.

**IT IS THEREFORE ORDERED** that Defendant WFX's Motion to Dismiss Counts II and III (Doc. 29) is **GRANTED in part and DENIED in part**. Count III is dismissed.

**IT IS FURTHER ORDERED** that Defendant WFX's Motion to Dismiss Counts II and III (Doc. 19) is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2025.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE